UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFF WILLIAMS<br><br>*Plaintiff*<br><br>v.<br><br>BARKSDALE SCHOOL PORTRAITS LLC d/b/a HOCKMEYER WITH BARKSDALE, WAYNE BARKSDALE, individually, AND SUSAN SHERIDAN BARKSDALE, individually.<br><br>*Defendants*. | Civil Action No. 1:20-cv-11640-IT<br><br>[Related to and partially consolidated with Civil Action No. 1:20-cv-11393] |

**JOINT STATEMENT IN ANTICIPATION OF COURT CONFERENCE**

The parties to the above-captioned action hereby submit this Joint Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).

A.   AGENDA OF ITEMS TO BE DISCUSSED AT SCHEDULING CONFERENCE

1. Pretrial schedule

    *Plaintiff Jeff Williams' requests for a scheduling Order that is coterminous with that in Civil Action No. 1:20-cv-11393*

This action has been marked related to and, by assented-to motion, partially consolidated with Civil Action No. 1:20-cv-11393-IT, which is also pending in this Court. (See Document No. 25, in Civil Action 1:20-cv-11393-IT; Electronic Order (Entry 26) dated September 22, 2020)  Plaintiff Jeff Williams ("Jeff") requests consolidation of the tracking and scheduling of deadlines in this case with Civil Action No. 1:20-cv-11393. As grounds for this request, the following is anticipated to occur:

(i) Counterclaim Plaintiff Elizabeth Williams (Jeff Williams' wife) in Civil Action 1:20-cv-11393 will, on or after December 2, 2020, move to amend her counterclaims a second time to assert her claims of discrimination, currently pending at the Massachusetts Commission Against Discrimination ("MCAD").

(ii) Plaintiffs/Counterclaim Defendants in that Civil Action (who are also the identical Defendants here), have agreed not to oppose and assent to that anticipated motion to amend on or after December 2, 2020.

(iii) Thus, Plaintiff anticipates the parties will still be in their initial pleading stages of Elizabeth Williams' case (Civil Action No. 1:20-cv-11393) through late December/January, 2020.

(iv) In this case, Defendants have through November 9, 2020 to answer or otherwise respond, per the Defendants' acceptance of service on September 10, 2020.  Thus, the initial pleadings in this case will not be far behind those in the Elizabeth Williams' case.

(v) In this case, the issues are tied to the case of Elizabeth Williams.  Specifically, and without limitation:

    (a) Here, Plaintiff claims, among other things, a loss of consortium as a result of Defendants' treatment of his wife, Elizabeth, which inherently means her mistreatment, and involves the grounds for her claims of harassment/discrimination.  In other words, Jeff's claim here is part and parcel of Elizabeth's counterclaims in her case.

    (b) Plaintiff here is the sole owner of JCW Consulting LLC d/b/a E-Lluminations, and E-Lluminations has suffered harm as alleged in

    Elizabeth's case as well, and in particular as alleged in E-Lluminations' counterclaim in that case under Chapter 93A. In effect, because E-Lluminations was sued in Elizabeth's case, it means JCW Consulting (Jeff's entity) was sued in Elizabeth's case.

(c) Plaintiff here and Elizabeth Williams both allege wage violations against the same defendants, so there are inherent efficiencies in addressing those matters on the same schedule. In this regard, the defendants have indicated when conferring with the undersigned that they may argue in defense of Plaintiff's wage claims in this case that Plaintiff was not acting for defendants when he was working after his resignation for defendants, but rather working for Elizabeth. If that is the case, that necessarily will mean that the proceedings in Elizabeth's case, including her own claims for unpaid wages, should occur co-terminous with this case.

(d) Defendants would not assent to the relief in this case, though the undersigned counsel hereby certifies that it conferred with counsel for Defendants on such matter, pursuant to Local Rule 7.1(a)(2).

Thus, for timing and for substantive purposes, Plaintiff here requests this case be consolidated with Civil Action No. 1:20-cv-11393-IT for the purposes of the tracking and scheduling of deadlines.

As such: Initial Disclosures (By November 1, 2020)[1]; Amendments to Pleadings (By December 13, 2020); Fact Discovery (Interrogatories and Requests for Production by January 15, 2021 and Admissions by March 19, 2021); Depositions, including experts

---

[1] This would be the one deadline in Civil Action No. 1:20-cv-11393 that Plaintiff submits could be modified in this matter to be December 1, 2020.

(by May 7, 2021); All discovery (by May 7, 2021); Status Conference (May 11, 2021, 2:15 P.M to discuss, among other things, dispositive motions). See Civil Action No. 1:20-cv-11393-IT (Document 29).

*Defendants' Position on the Scheduling Of This Case*

The defendants, Barksdale School Portraits, LLC, Wayne Barksdale and Susan Sheridan, do not consent to the full consolidation of this matter with the case against Mr. Williams' wife, because the issues have almost no overlap and there is no good reason to require this later case to be on the same schedule. Moreover, to accelerate this case to the schedule set forth in that matter would needlessly and unfairly prejudice defendants in preparing for discovery and motions.

A short summary of the issues is in order as a starting point: Mr. Williams voluntarily resigned from Barksdale School Portraits more than one year ago. More than a year later, after Barksdale School Portraits, LLC, filed suit against his wife (making no claims or allegations against Mr. Williams), he filed this lawsuit, claiming for the first time that he worked for Barksdale for 4-6 hours per week for the past year, even though Barksdale has no knowledge or record of more than de minimis work of a few hours approximately one year ago as an independent contractor. Such alleged work by Mr. Williams has nothing to do with his wife's claims in the prior lawsuit. Mr. Williams also makes a claim for loss of consortium, which by its nature, is a claim as to his own suffering and distress, which is not at issue or compensable in the lawsuit against his wife.

As to consolidation, the defendants here already have offered – and Mr. Williams' counsel (also plaintiff's counsel here) accepted in the other matter, and the Court endorsed – to consolidate the matters for purposes of depositions and bates-numbering of document

production. That should avoid any unnecessary duplication of effort or complexity in the cases. Defendants see no need for further consolidation of the two discovery schedules or end dates.

In addition, such consolidation would create a crushing amount of overlapping discovery requests and motion practice at the time dispositive motions are due relating to the twelve different claims and counterclaims between the two matters, if subject to the same deadlines. Allowing the two matters to proceed normally on separate tracks, consistent with the fact that they are proceeding approximately 60 days apart, will allow each case to be presented and analyzed on its merits, as opposed to lumping all of Mr. Williams' distinct claims into one rushed schedule with his wife's separate litigation.

In addition, defendants reserve the right to bring new claims that could further extend the initial pleading stage in this matter and push back the deadline for initial disclosures and the start of discovery here, and that should not delay the progress of the preexisting matter.

Defendants therefore propose the following discovery schedule, which tracks the timing of this case, provides all parties with due process and time to explore their claims and defenses, and is approximately 60 days after the deadlines in the other matter:

(a) Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this court's Notice of Scheduling Conference must be completed by January 4, 2021.

(b) Amendments to Pleadings. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after February 12, 2021.

(c) Fact Discovery – Interim Deadlines.

    1. Written requests for production of documents and interrogatories must be served by February 19, 2021

2. All requests for admission must be served by May 19, 2021

3. All depositions, other than expert depositions, must be completed by July 2, 2021.

4. Fact Discovery – Final Deadlines. All discovery, other than expert discovery, must be completed by July 2, 2021.

5. Status Conference. A status conference will be held on or about July 9, 2021, at a time and date to be set by the Court.

6. Expert Discovery.

   a. Expert witnesses must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by September 15, 2021.

   b. Any rebuttal expert witnesses must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by October 15, 2021.

   c. All expert witnesses must be deposed by November 15, 2021.

7. Dispositive Motions. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, to be filed upon deadlines to be established by the Court after the close of fact discovery.

8. Initial Pretrial Conference. An initial pretrial conference will be held on a date to be set by the Court.

B. <u>STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE</u>

The parties do not consent to trial by a magistrate judge.

C. <u>CERTIFICATION</u>

The parties' certifications, as required by Local Rule 16.1(D)(3), will be filed separately by each party.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Jeffrey M. Rosin | /s/ Jeffrey A. Dretler |

Jeffrey M. Rosin (BBO# 629216)　　　　　　Jeffrey A. Dretler (BBO# 558953)
Kenton J. Villano (BBO # 685959)　　　　　　RUBIN AND RUDMAN LLP
O'HAGAN MEYER, PLLC　　　　　　　　　　53 State Street
111 Huntington Avenue, Suite 2860　　　　　Boston, MA 02109
Boston, MA 02199　　　　　　　　　　　　Telephone: (617) 330-7078
Telephone: (617) 843.6800　　　　　　　　　Facsimile: (617) 330-7550
Facsimile: (617) 843.6810　　　　　　　　　E-mail: jdretler@rubinrudman.com
E-Mail: jrosin@ohaganmeyer.com
E-Mail: kvillano@ohaganmeyer.com　　　　　Michael D. Homans (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　HOMANSPECK, LLC
*Attorneys for ELIZABETH HOCKMEYER*　　1500 John F. Kennedy Blvd., Suite 520
*WILLIAMS and E-LLUMINATIONS*　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　Telephone: (215) 419-7477
　　　　　　　　　　　　　　　　　　　　E-mail: mhomans@homanspeck.com

*Attorneys for BARKSDALE SCHOOL PORTRAITS LLC d/b/a Hockmeyer with Barksdale and BSP NEW ENGLAND, LLC d/b/a Barksdale with Hockmeyer.*

Dated:  November 5, 2020

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 5, 2020, a true copy of the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties who have appearances as of the time of this filing by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Jeffrey M. Rosin*